# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TOMMIE L. CARTER<br><br>    Plaintiff,<br>v.<br><br>ALLISON MCGOWAN, AMY GUNDERSON, DEREK SCHOUTEN, and JOEL SANKEY,<br><br>    Defendants. | Case No. 16-CV-838-JPS |
| TOMMIE L. CARTER<br><br>    Plaintiff,<br>v.<br><br>TORRIA VANBUREN and C.O. DEREK SCHOUTEN,<br><br>    Defendants. | Case No. 16-CV-1676-JPS |
| TOMMIE L. CARTER<br><br>    Plaintiff,<br>v.<br><br>ANTHONY WALKER,<br><br>    Defendant. | Case No. 16-CV-1688-JPS |
| TOMMIE L. CARTER<br><br>    Plaintiff,<br>v.<br><br>TRAVIS P. BRADY,<br><br>    Defendant. | Case No. 17-CV-8-JPS<br><br>**ORDER** |

On May 9, 2017, the parties in each of the four above-captioned cases, all brought by prisoner Tommie L. Carter ("Carter"), filed joint stipulations

of dismissal of the actions with prejudice, each party to bear their own fees and costs. The Court adopted each of those stipulations and dismissed each case with prejudice. Carter has now filed a "motion to clarify" relating to a $1,000 payment he was purportedly supposed to receive to settle these cases. His complaint is that he has not yet been paid.

Initially, the Court notes that it is unsure what Carter wants to have clarified, as the Court is not in the business of helping the parties negotiate settlement terms. Moreover, to the extent Carter's motion is an oblique request for the Court to order the payment he expects to receive, the Court must decline, for it has no power to do so. In *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 381 (1994), the Supreme Court found that federal courts have the power to enforce a settlement agreement even after a case has been dismissed with prejudice. However, that power is limited to three situations, none of which have arisen here.

First, a court may reopen a case to enforce a settlement agreement when the terms of the settlement agreement are incorporated into the order of dismissal. *Id.*; *Bond v. Utreras*, 585 F.3d 1061, 1079 (7th Cir. 2009). Because the stipulations of dismissal entered in each of Carter's cases did not incorporate any terms of any underlying settlement agreement, and because the Court's dismissal order did not do so, this exception does not apply. Second, a court may reopen a case to enforce a settlement agreement if the order of dismissal contains language expressly retaining jurisdiction over the enforcement of the settlement agreement. *Kokkonen*, 511 U.S. at 581; *Bond*, 585 F.3d at 1079. The Court's orders of dismissal, modelled after the parties' own submissions, includes no language retaining jurisdiction over settlement enforcement. Thus, the second exception does not apply.

The final exception allows district courts to reopen cases to enforce settlement agreements if there is an independent basis for federal jurisdiction. *Kokkonen*, 511 U.S. at 382. For this exception, it is not sufficient that there was jurisdiction over the underlying case. Thus, it does not matter that the Court had original jurisdiction over each of Carter's cases as a result of him raising federal constitutional claims. Instead, the question is whether there is federal jurisdiction over the present dispute—that is, a state-law contract claim arising from the parties' settlement agreement. *See United Cent. Bank v. Maple Court LLC*, No. 10–CV–00464, 2014 WL 2441046, at *4 (E.D. Wis. Aug. 19, 2014); *HSBC Mortg. Servs., Inc. v. Daya*, Case No. 16–CV–80–JPS, 2016 WL 7156551, at *8 (E.D. Wis. Dec. 7, 2016) ("A settlement agreement is a contract and therefore governed by the law applicable to contracts generally—that is, state law") (citing *Laserage Tech. Corp. v. Laserage Labs., Inc.*, 972 F.2d 799, 802 (7th Cir. 1992)). No jurisdiction exists in this Court over such a claim, since there are no federal questions present and there is no diversity between the parties. *See* 28 U.S.C. §§ 1331, 1332. Thus, the final exception does not apply either.

As explained in *Kokkonen*, in the absence of federal jurisdiction over a settlement agreement dispute, "enforcement of the settlement agreement is for state courts." *Kokkonen*, 511 U.S. at 382. That is the answer in this case: if Carter believes that Defendants in these cases have breached their settlement agreements, the only forum in which he can raise such claims is state court. *See Kay v. Bd. of Educ. of Chicago*, 547 F.3d 736, 737 (7th Cir. 2008) ("[t]he normal remedy for a failure to abide by a settlement of federal litigation is a suit on the settlement contract," which must proceed in state court absent a basis for federal jurisdiction). This Court has no power to act on such a claim.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to clarify in each of the four above-captioned cases (16-CV-838, Docket #42; 16-CV-1676, Docket #22; 16-CV-1688, Docket #21; and 17-CV-8, Docket #21) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 5th day of June, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge